Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| RUTH MARÍN RIVERA ROSARIO<br><br>Peticionaria<br><br>v.<br><br>JABEL SANTIAGO RIVERA y JAHDIEL SANTIAGO RIVERA<br><br>Recurridos | KLCE202301407 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de CAROLINA<br><br>Caso Núm.:<br>CA2021CV00621<br><br>Sobre:<br>División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2024.

El 11 de diciembre de 2023, la Sra. Ruth Marín Rivera Rosario (en adelante, señora Rivera Rosario o peticionaria) compareció ante este Tribunal de Apelaciones mediante recurso de *certiorari* en el que nos solicita la revocación de la *Orden* emitida en el caso de epígrafe por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro primario) con fecha del 2 de octubre de 2023. Por virtud del referido dictamen, el TPI denegó la *Moción de Sentencia Sumaria* que la peticionaria sometió en el caso.

Examinado detenidamente el expediente, y por las razones que más adelante consignamos, resolvemos denegar la expedición del recurso. Veamos.

I

La causa de epígrafe trata de una *Demanda* sobre división o liquidación instada por la peticionaria. En esta, la señora Rivera Rosario indicó que las partes en el caso constituyen la comunidad hereditaria de Alfredo Santiago Morales, quien falleció el 12 de agosto de 2011. Según

Número Identificador

RES2024 _____

señalado, Alfredo Santiago Morales otorgó Testamento Común Abierto en el que designó a la peticionaria como su albacea. Además, se señaló que el causante instituyó como herederos universales a sus dos hijos, Jabel y Jahdiel- ambos de apellidos Santiago Rivera- en la parte que se denomina la legítima larga y a la peticionaria como heredera universal del tercio de libre disposición, en adición a lo dispuesto en la legislación vigente con respecto a su usufructo viudal, entre otras cosas.[1] Según la demanda, los **bienes** del caudal hereditario son:

A.    25% de una propiedad en la Urbanización Country Club

B.    Acciones en Coopaca

C.    50% de la propiedad ganancial localizada en Villas de Loiza.[2]

Las **bajas** y **deudas** del caudal hereditario, según identificadas en la *Demanda* son:

A.  Gastos Legales:

   a.  Factura al Lcdo. Ramón A. Pérez
   b.  Factura de Lcda. Michelle de la Cruz
   c.  Factura al Lcdo. Ramón A. Pérez
   d.  Enmienda a planilla de caudal relicto
   e.  Estudio de título
   f.  Solicitud de exención a Hacienda
   g.  Juramento de exoneración al CRIM
   h.  Escritura de compraventa

B.  50% de reparaciones, mantenimiento y reparaciones necesarias para tasación

C.  50% de pago de póliza de seguro de 2011, 2012, 2016, 2017, 2018, 2019, 2020

D.  Gastos funerales

E.  Gastos previos del Lcdo. Juan A. González Green

F.  50% pagos de hipoteca realizados por Ruth[3]

Así las cosas, y en cuanto a la controversia ante nos, el 6 de mayo de 2022 la peticionaria presentó una *Moción de Sentencia Sumaria* en la que adujo que no existía controversia en cuanto a diez (10) hechos. En síntesis,

---

[1] Al contestar la demanda, los recurridos aceptaron la mayoría de los hechos sobre la composición de la comunidad hereditaria. Aquellos que negaron, lo hicieron por no contar con la información completa para corroborar la totalidad de las alegaciones.

[2] Véase, páginas 2 y 3 del *Apéndice*.

[3] *Íd.*, págs. 3-5.

mediante estos, alegó que no existía controversia alguna en cuanto a que el causante murió testado, que las partes eran los miembros de su comunidad hereditaria y que los _bienes_ del caudal hereditario eran los siguientes:

A. 25% de una propiedad ubiucada en la Urbanización Country Club
B. Acciones en Coopaca
C. 50% de la propiedad ganancial localizada en Villas de Loíza
D. **25% de rentas devengadas de la propiedad mediante contrato de arrendamiento del 16 de enero de 2018 al 15 de enero de 2019 valorado en $7800.** [4]

Las _bajas_ y _deudas_ del caudal hereditario, según la _Moción de Sentencia Sumaria_ son:

A. Gastos Legales:

   a. Factura al Lcdo. Ramón A. Pérez
   b. Factura de Lcda. Michelle de la Cruz
   c. Factura al Lcdo. Ramón A. Pérez
   d. Enmienda a planilla de caudal relicto
   e. Estudio de título
   f. Solicitud de exención a Hacienda
   g. Juramento de exoneración al CRIM
   h. Escritura de compraventa

B. 50% de reparaciones, mantenimiento y reparaciones necesarias para tasación

C. 50% de pago de póliza de seguro de 2011, 2012, 2016, 2017, 2018, 2019, 2020

D. Gastos funerales

E. Gastos previos del Lcdo. Juan A. González Green

F. 50% pagos de hipoteca realizados por Ruth

G. **El 25% de las bajas consignadas en los incisos 14(a) al 14(l) del cuaderno particional de la Sucesión de Felicitas Morales Estrella, relacionada a la propiedad de Country Club.**

H. **El 25% del pago de escritura de Compraventa consignada en el inciso 14(r) del cuaderno particional de la Sucesión de Felicitas Morales Estrella, relacionada a la propiedad de Country Club.**

I. **El 50% de reparaciones, mantenimiento, recorte de patio, impermeabilización de techo y materiales de junio a noviembre de 2021.**

J. **50% de seguros múltiples y CFSE.** [5] (Énfasis suplido)

---

[4] _Íd._, pág. 20.
[5] _Íd._, págs. 23 y 23.

Cabe destacar que, luego de haberse sometido la solicitud de sentencia sumaria, pendiente de ser adjudicada, la representación legal de los recurridos renunció a su representación legal. Habiéndosele concedido términoa estos para que comparecieran mediante nuevo abogado o abogada, y sin que así lo hubieran hecho, el 13 de octubre de 2022, el foro primario dictó *Orden* en la que dio por sometido el escrito sin oposición. Posteriormente, el 23 de octubre de 2023, emitió el dictamen recurrido y denegó la *Moción de Sentencia Sumaria* de la peticionaria. Al así hacerlo, resolvió como a continuación se transcribe:

> Tras haber examinado detalladamente la Moción de Sentencia Sumaria y la prueba documental en apoyo del remedio solicitado, este Tribunal deniega la consideración de la misma, **ya que no se solicita como remedio la liquidación y adjudicación de las participaciones correspondientes a las propiedades del causante, remedio solicitado en la Demanda, sino una división a base de un avalúo de los bienes hereditarios y las cargas imputables al caudal que no toma en consideración la proporción del tercio libre que le corresponde a la parte demandante. Además, la parte demandante solicita que se declare el valor del 25% de la propiedad residencial ubicada en la Tercera Extensión de la Urbanización Country Club, cuando de la prueba sometida surge que esta propiedad se vendió el 11 de marzo de 2021, por la cantidad de $111,000 o $121,000, valor que no surge claramente de la Escritura Núm. 1 de 11 de marzo de 2021.** Ante lo anterior, se señala Vista en Rebeldía el 30 de enero de 2024 a las 2:00 pm por videoconferencia. Cúmplase con la Orden de Manejo de Prueba. (Énfasis nuestro)

Inconforme con esta determinación, el 7 de noviembre de 2023, la peticionaria instó *Moción de reconsideración* en la que explicó la distribución del caudal relicto conforme la documentación sometida en su moción dispositiva, la cual distinguió no fue controvertida. En la alternativa, solicitó que el foro primario emitiera una determinación de los hechos esenciales y pertinentes sobre los que no había controversia, así como de aquellos realmente y de buena fe controvertidos. Mediante *Resolución* del 9 de noviembre de 2023, el TPI denegó la reconsideración.

En desacuerdo aún, la señora Rivera Rosario presentó el recurso de epígrafe y a modo de señalamiento de errores, le imputó al foro primario el equivocarse al denegar su moción de sentencia sumaria y al incumplir con

la Regla 36.4 de Procedimiento Civil por no emitir la determinación de los hechos que no están en controversia y de los que sí se encuentran controvertidos. Atendido el recurso, el 14 de diciembre de 2023 emitimos *Resolución* en la que le ordenamos a los recurridos a comparecer. El término para que así lo hicieran ha vencido, más no comparecieron. Por ello, damos por sometido el asunto sin el beneficio de su comparecencia y procedemos a resolver.

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto

discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra*.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. McNeil Healthcare v. Mun. Las Piedras I, *supra*, a la pág. 404; 800 Ponce de León v. AIG, *supra*. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[6] Estos, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., *supra*, págs. 486-487; Mun. de Caguas v. JRO Construction, *supra*.

*-B-*

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Velez v. CEE, 206 DPR 694 (2021), al citar a Mejías Montalvo v.

---

[6] Estos son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Carrasquillo Martínez, 185 DPR 288 (2012) y otros. Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. *Id.*, mencionando a Bobé v. UBS Financial Services Incorporated of Puerto Rico, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Velez v. CEE; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González v. M. Cuebas, 193 DPR 100, 136 (2015). Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. ELA, 178 DPR 914, 932 (2010). No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos

ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Velez v. CEE; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

III

Tal como se desprende del recuento procesal antes efectuado, en la *Resolución* recurrida el TPI denegó una moción de sentencia sumaria sometida por la señora Rivera Rosario. Es decir, la determinación cuya revisión y revocación nos solicita la peticionaria trata de la denegación de un escrito de carácter dispositivo. Por tanto, conforme la Regla 52.1 de Procedimiento Civil, *supra*, estamos en posición de acoger o no el recurso discrecional del *certiorari* instado.

Mediante la discusión conjunta de sus señalamientos de error, la peticionaria, en síntesis, argumenta que no hay controversia que impida la resolución sumaria del pleito ya que cada hecho incontrovertido que

propuso está sustentado con la documentación que incluyó a esos fines, a resaltar que cada uno de tales hechos no fue controvertido ni opuesto por los recurridos y a explicar que la incongruencia a la que alude el foro primario en la orden recurrida trata de un error tipográfico.

Previo a atender esto señalamientos, hemos cumplido con nuestro deber y hemos evaluado en primer lugar si el escrito de moción de sentencia sumaria sometido por la señora Rivera Rosario cumplió con los requisitos de forma que nuestro ordenamiento jurídico establece para tal instrumento. Concluimos que así lo hizo. Así determinado, nos dimos a la tarea de evaluar los hechos incontrovertidos propuestos por la peticionaria, los documentos que en apoyo a estos sometió, así como las expresiones del foro primario, según contenidas en su *Orden*.

Al ejercer tal función, no identificamos alguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento que nos muevan a expedir el auto discrecional del *certiorari*. No encontramos que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio o parcialidad por parte del TPI. Tampoco estimamos que la expedición del auto evite el fracaso de la justicia.

Aunque es cierto que, como menciona la peticionaria, su moción de sentencia sumaria no fue opuesta por los recurridos, sabido es que ello no implica la concesión automática de dicho escrito pues esta podrá dictarse, "a favor o en contra del promovente, **según proceda en derecho**."[7] (Énfasis suplido). Por otro lado, si bien en el presente caso, el TPI no emitió un listado en el que enumerara los hechos que estimó estaban en controversia, una lectura de la determinación recurrida permite apreciar que el TPI denegó la petición: por encontrar que el remedio solicitado en la moción de sentencia sumaria era uno distinto a aquel peticionado en la demanda[8] que

---

[7] Audiovisual Lang. v. Sist. Est. Natal Hnos., *supra*.

[8] Conforme señaló el foro primario, y pudimos constatar, en la *Demanda*, la señora Rivera Rosario pidió como remedio, entre otras cosas, que se declare que las partes tienen

se basaba en un avalúo de bienes y cargas que no consideró las proporciones que le corresponden a la peticionaria del tercio libre. Más importante aún, porque de la prueba sometida en apoyo al valor adjudicado de una de las propiedades del caudal no surgía claramente el importe de esta.[9] Es decir, los propios documentos sometidos por la peticionaria en su moción contenían una discrepancia que levantó dudas en cuanto a la corrección de las partidas que la peticionaria propuso le correspondían. Ante este hecho, como ya adelantamos, no encontramos que sea meritoria nuestra intervención, por lo que denegamos la expedición del auto de *certiorari* solicitado.

IV

Por las razones antes consignadas, denegamos la expedición del auto de *certiorari* solicitado por la Sra. Ruth Marín Rivera Rosario.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

participación en los bienes y deudas allí descritos y que, conforme a la ley, proceda con la adjudicación de las participaciones correspondientes. Por su parte, en su *Moción de Sentencia Sumaria*, esta solicita que se determine la participación hereditaria de los recurridos en una cantidad específica. Notas también que, en su moción dispositiva, la peticionaria incluye bienes y bajas o deudas adicionales que no fueron identificados originalmente en la *Demanda* como parte del caudal.

[9] Específicamente, en la determinación recurrida el TPI señaló que de la Escritura Núm. 1 del 11 de marzo de 2021, no queda claro si la propiedad ubicada en la Tercera Extensión de la Urbanización Country Club se vendió por la cantidad de $111,000.00 o $121,000.00. La peticionaria se limitó a señalar que esto trata de un error tipográfico, lo que fue insuficiente para convencer al TPI.